# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40717

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2013

Lyle W. Cayce
Clerk

TIMOTHY SCOTT HARRIMAN,

　　　　　　　　　　Plaintiff - Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; FRANK HOKE; JOHN BECRAFT,

　　　　　　　　　　Defendants - Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-357

_____

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Timothy Scott Harriman, Texas prisoner # 677187, seeks leave to appeal in forma pauperis (IFP). He filed a 42 U.S.C. § 1983 action alleging that he was denied access to the courts due to deficiencies in a prison law library. The district court dismissed his action as frivolous, denied leave to appeal IFP, and certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40717

By moving to proceed IFP, Harriman challenges the district court's certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The closest Harriman comes to addressing the district court's reason for dismissing his action—a lack of actual harm—is a bare assertion that he was unable to learn of the limitation period for filing a 28 U.S.C. § 2254 petition because the defendants "concealed" some law books behind the counter to prevent prisoners from tearing out pages. He does not even suggest that the materials were not available for the asking. In addition, Harriman has never identified a non-frivolous claim that he might have raised at any time but for the alleged deprivation of legal materials. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (requiring a prisoner to set forth some non-frivolous underlying claim that was lost because of the defendants' wrongful actions).

Accordingly, the motion for IFP status is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.

This frivolous appeal earns Harriman a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir. 1996). The district court's dismissal as frivolous was also a strike. *See id.* Harriman is warned that if he accumulates one more strike by bringing another frivolous action or appeal, he will not be allowed to proceed IFP in any civil action while incarcerated or detained unless he is in imminent danger of serious physical injury. *See* § 1915(g).